UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11
                                                             :
**WILLIAM W. KOEPPEL,**                                      :    Case No. 18-22984-RDD
                                                             :
                    Debtor.                                  :
                                                             :
-------------------------------------------------------------x

**STIPULATION AND ORDER CONFIRMING ENFORCEABILITY OF GUARANTY AND ALLOWABILITY, ENFORCEABILITY AND NON-DISCHARGEABILITY OF UNSCHEDULED CLAIM OF WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2018-C46, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-C46**

## RECITALS

**WHEREAS**, on June 26, 2018, the Debtor filed a Chapter 11 petition with the Court, commencing the above-captioned bankruptcy case (the "Bankruptcy Case"); and

**WHEREAS**, on September 14, 2021, the Debtor filed the Third Amended Plan Of Reorganization Of William W. Koeppel [Dkt. No. 192] (the "Plan"); and

**WHEREAS**, on September 29, 2021, the Court entered an order confirming the Plan [Dkt. No. 209] (the "Confirmation Order"); and

**WHEREAS**, on October 28, 2021, the Court entered a final decree closing the Debtor's Chapter 11 case; and

**WHEREAS**, on March 24, 2022, the Court entered an order re-opening the Debtor's bankruptcy case (the "Re-Opening Order"); and

**WHEREAS**, at all relevant times, the Debtor was a member in Eastgate Whitehouse, LLC (the "Borrower"); and

{01148022.DOCX;2 }

**WHEREAS**, on or about July 23, 2018, the Borrower entered into a loan agreement (the "Loan Agreement") with Barclays Bank PLC (the "Original Lender") pursuant to which the Borrower borrowed $32,100,000 from the Original Lender (the "Loan"); and

**WHEREAS**, in connection with the Loan, on or about July 23, 2018, the Debtor executed and delivered to the Original Lender, a Guaranty Of Recourse Obligations Of Borrower (the "Guaranty"), pursuant to which the Debtor guaranteed certain obligations of the Borrower under the Loan and an Environmental Indemnity Agreement pursuant to which the Debtor agreed to indemnify the Original Lender and any assignee thereof upon the occurrence of certain environmental events (the Environmental Indemnity Agreement"); and

**WHEREAS**, a true and correct copy of the Guaranty is annexed hereto as <u>Exhibit A</u>; and

**WHEREAS**, a true and correct copy of the Environmental Indemnity Agreement is annexed hereto as <u>Exhibit B</u>; and

**WHEREAS**, as a result of certain assignments, Wilmington Trust, National Association, as Trustee for the benefit of the registered holders of Wells Fargo Commercial Mortgage Trust 2018-C46, Commercial Mortgage Pass-Through Certificates, Series 2018-C46 (the "Noteholder") is the current lender under the Loan and is entitled to the rights and remedies of the Original Lender and any and all immediate or mediate assignees thereof, under the loan documents relating to the Loan, including without limitation the Loan Agreement, the notes evidencing the borrower's obligations under the Loan, mortgages and security agreement granted by the Borrower in connection with the Loan, and the Guaranty (collectively, the "Loan Documents"); and

**WHEREAS**, neither Noteholder nor any of its predecessors-in-interest under the Loan, were listed as a creditors in the schedules of assets and liabilities filed by the Debtor in his Bankruptcy Case; and

**WHEREAS**, neither Noteholder nor any of its predecessors-in-interest under the Loan received any notice of the Debtor's Bankruptcy Case, the deadline for filing proofs of claim, the deadline for filing dischargeability actions under Bankruptcy Code § 523, the Plan, and the confirmation hearing on the Plan; and

**WHEREAS**, as a result of the aforementioned lack of notice, Noteholder alleges that its claim against the Debtor was not discharged by either the Plan, the Confirmation Order or Bankruptcy Code § 1141(d); and

**WHEREAS**, the Debtor acknowledges the allowance, enforceability and non-dischargeability of the Noteholder's claims against the Debtor, related to, *inter alia*, the Loan and Guaranty; and

**WHEREAS**, the Debtor and the Noteholder enter into this Stipulation to avoid litigation concerning lack of notice to the Noteholder and the effect such lack of notice with respect to the Noteholder's claims against the Debtor.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. The recitals set forth above are hereby incorporated into this Stipulation and are binding against the Debtor and Noteholder.

2. Notwithstanding any failure by Debtor to obtain approval of this Court to enter into the Guaranty and Environmental Indemnity Agreement during the pendency of the

Bankruptcy Case, the Guaranty and Environmental Indemnity shall be deemed valid, binding, and enforceable as of the date of its execution and delivery to Original Lender.

3. The Plan, Confirmation Order, any bar dates or deadlines fixed in the Debtor's Bankruptcy Case, and any release, exculpation or discharge provided by the Plan, Confirmation Order and/or Bankruptcy Rule § 1141 shall not apply to, or be binding upon, the Noteholder or any immediate or mediate assignee thereof, and shall not bar or release any claim held by the Noteholder or any immediate or mediate assignee thereof against the Debtor.

4. Upon Court approval of this Stipulation: (i) the legal, equitable and contractual rights of the Noteholder and any immediate or mediate assignee thereof under the Guaranty and Environmental Indemnity Agreement shall be deemed unaltered by the Debtor's Bankruptcy Case, the Plan, the Confirmation Order, or any other order or document entered or filed in the Debtor's Bankruptcy Case; (ii) any and all rights, claims and remedies of the Noteholder against the Debtor under the Guaranty, Environmental Indemnity Agreement or otherwise shall continue post-confirmation and flow through the Debtor's Bankruptcy Case without any modification; and (iii) all rights, claims and remedies of the Noteholder under the Loan Documents, including any rights, claims, and remedies relating to Noteholder's lack of notice of this Bankruptcy Case, under the Guaranty, Environmental Indemnity Agreement or otherwise, are reserved and preserved in all respects.

5. The Noteholder shall not be required to file a proof of claim in the Debtor's Bankruptcy Case. This Stipulation shall constitute adequate notice of the Noteholder's claims against the Debtor and the timeliness thereof.

6. This Stipulation may not be modified, except in a writing which has been signed by the Debtor and Noteholder or any immediate or mediate assignee thereof. No provision of this Stipulation may be waived by a party except pursuant to a writing signed by the waiving party.

7. No later than three (3) business days after execution of this Stipulation by all parties, the Debtor shall file a motion with the Court: (i) seeking an order expanding the scope of the Re-Opening Order to include consideration of this Stipulation; and (ii) seeking Court approval of this Stipulation.

8. This Stipulation shall be binding upon approval of the Bankruptcy Court, with the exception of ¶ 7 of this Stipulation, which shall be binding upon execution of this Stipulation by both the Debtor and Noteholder.

9. Except as otherwise provided for in this Stipulation, nothing contained herein shall be deemed a waiver of any of the parties' rights.

Dated: April 14, 2022
      New York, New York

| | |
|---|---|
| **ROBINSON BROG LEINWAND**<br>**GREENE GENOVESE & GLUCK, P.C.**<br>Attorneys for the Debtor<br>875 Third Avenue. 9th Floor<br>New York, New York 1002<br>Tel. No.: (212) 603-6300 | **HOLLAND & KNIGHT LLP**<br>Attorneys for the Noteholder<br>900 Third Avenue<br>New York, New York 10022<br>Tel. No.: (212) 751-3000 |
| By: /s/ A. Mitchell Greene<br>     **A. Mitchell Greene** | By: /s/ Bruce J. Zabarauskas<br>     **Bruce J. Zabarauskas** |

/s/ William W. Koeppel
    **William W. Koeppel**

SO ORDERED this 25th day of April 2022

*/s/Robert D. Drain*

**United States Bankruptcy Judge**